**Karen HEMPFLING, individually and as Guardian ad litem for, et al., Plaintiffs—Appellants,**

v.

**UNITED STATES OF AMERICA, Defendant—Appellee.**

No. 00–17264.

D.C. No. CV–97–00417–DWh(PHA).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Decided Jan. 28, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, GOODWIN and CLIFTON, Circuit Judges.

MEMORANDUM *

Karen Hempfling sued the United States under the Federal Tort Claims Act (the "Act") for the Navy's alleged failure to ensure that a furnace in her housing unit was up to code. The Hempflings allegedly suffered carbon monoxide poisoning as a result of the government's negligence. The district court ruled that Hempfling's claims were barred by the discretionary function exception to the Act. We reverse and remand.

As the parties are familiar with the facts, we recite them only as necessary. We review the district court's application of the discretionary function exception *de novo*. *Marlys Bear Medicine v. United States*, 241 F.3d 1208, 1213 (9th Cir.2001). The exception preserves sovereign immunity under the Act for claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (2002). The government bears the burden of proving that the exception applies. *Marlys Bear Medicine*, 241 F.3d at 1213.

A two-part test is used to evaluate whether the exception applies. First, the court determines if the challenged conduct "involves an element of judgment or choice" for the acting employee. *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). If the conduct does involve judgment, then the exception applies if the judgment is "based on considerations of public policy." *Id.* The court focuses on "the nature of the actions taken and on whether they are susceptible to policy analysis." *United States v. Gaubert*, 499 U.S. 315, 325, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

The government fails the second prong of the *Berkovitz* test because the record contains no indication that the govern-

---

ment's allegedly negligent inspections of the Hempflings' unit were susceptible to policy analysis. Under the terms of the contracts, the Hempflings' unit was required to comply with the Uniform Building Code. *See also* 40 U.S.C. § 619(a)(2001). Whatever responsibilities the government may have delegated to its contractors, it contractually reserved for itself the obligation to inspect its contractors' activities. While this reservation of responsibility represented a policy choice, the negligent performance of that responsibility did not. *See Marlys Bear Medicine*, 241 F.3d at 1215; *Camozzi v. Roland/Miller and Hope Consulting Group*, 866 F.2d 287, 290 (9th Cir.1989). Because the record does not show that the manner in which the government performed inspections was "policy-based or susceptible to policy analysis," there is no basis for applying the discretionary function exception to the government's alleged negligence in inspecting the Hempflings' unit. *See Marlys Bear Medicine*, 241 F.3d at 1216. The dismissals of Hempfling's Second and Third Amended Complaints were therefore erroneous.

REVERSED AND REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.